United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Irais Villafana and other similarly situated individuals, Plaintiffs<br><br>v.<br><br>Our Children's Planet Corp. and Maria E. Caamano, Defendants | )<br>)<br>)<br>)<br>) Civil Action No. 15-23432-Civ-Scola<br>)<br>)<br>)<br>) |

**Order Granting the Defendants' Motion To Dismiss**

Defendants Our Children's Planet Corporation and Maria E. Caamano ask the Court to dismiss Plaintiff Irais Villafana's Amended Complaint. (ECF No. 30).[1] The Defendants argue that Villafana failed to allege that she is a covered employee under the Fair Labor Standards Act (FLSA). For the following reasons, the motion to dismiss is granted.

1. **Factual Allegations**

The Plaintiff was employed by Our Children's Planet Corporation ("OCP") from March 2012 through March 2015, working "as a care person for children within the ages of one–years–old and five–years–old." (ECF No. 27 at ¶¶ 9–10). The Plaintiff duties included "watching the children, assisting with and making arts and crafts for the children, feeding the children and cleaning up after the children." (*Id.* at ¶ 11). Maria E. Caamano was the Plaintiff's supervisor. (*Id.* at ¶ 5). The Amended Complaint fails to allege the specific nature of OCP's business, but states that it

> operated as an organization which sells and/or markets its services and/or goods to customers [] throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and [] obtains and solicits funds from non–Florida sources, accepts funds from non–Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

---

[1] The day before filing their Amended Motion to Dismiss (ECF No. 30), the Defendants filed their original Motion to Dismiss (ECF No. 29). The arguments in the motions are identical, except the Amended Motion contains a request for a hearing. The original Motion to Dismiss was never terminated from the docket. Accordingly, the Court will deny the original Motion to Dismiss as moot and will consider only the Amended Motion.

(*Id.* at ¶ 30). The Plaintiff further alleges that the Defendants purchased food, cleaning materials, and toys which had traveled through interstate commerce and were handled by the Plaintiff "in order to perform the essential functions of her job duties." (*Id.* at ¶¶ 12–13). She also contends that OCP entered into a contract with an Ohio corporation "for delivery of essential toiletries and chemicals to be used by Plaintiff to perform essential duties of her job functions." (*Id.* at ¶¶ 14).

**2. Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 3. Analysis

The FLSA requires an employer to pay its employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011); *see also* 29 U.S.C. § 207(a). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis*, 662 F.3d at 1298; *see also* 29 U.S.C. § 216(b). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis*, 662 F.3d at 1298. This requires a showing that the jurisdictional prerequisite of "interstate commerce" exists in a given case, a showing that may be made one of two ways—individual coverage or enterprise coverage. *Id.*

"An employee is subject to individual coverage if he is *directly* and *regularly* 'engaged in' interstate commerce." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (emphasis in original) (citing *Thorne v. All Restoration Servs. Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)). Thus, an employee must allege that he was "directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne,* 448 F.3d at 1266 (citations omitted).

Here, the Plaintiff merely alleges that she worked "as a care person for children." Nowhere in the Amended Complaint does she say she regularly used the instrumentalities of interstate commerce in order to perform her work. *See Bautista Hernandez v. Tadala's Nursery, Inc.*, 34 F. Supp. 3d 1229, 1238 (S.D. Fla. 2014) (Seltzer, Mag. J.); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1376–79 (S.D. Fla. 2012) (Scola, J.). Accordingly, the Plaintiff's FLSA claim cannot rest on individual coverage.

An employee may assert "enterprise coverage" if his employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually. 29 U.S.C. § 203(s)(1)(A). "To satisfy the first prong, [a] [p]laintiff must demonstrate that, on a regular and recurrent basis, at least two of [the] [d]efendants' employees engaged in commerce or handled goods and material that have been moved in commerce." *Williams v. Signature Pools &*

*Spas, Inc.*, 615 F. Supp. 2d 1374, 1378 *S.D. Fla. 2009) (Ungaro, J.); *see also Polycarpe v. E & S Landscaping Serv., Inc. (Polycarpe I)*, 616 F.3d 1217, 1220 (11th Cir. 2010) ("If an employer ha[s] two or more workers engaged in commerce or the production of goods for commerce, the FLSA coverage extend[s] to all of the enterprise's employees."). Finally, "[a]lthough it is sufficient that the tools and equipment [used by the defendant] qualify as *either* 'goods' *or* 'materials,' there is an important distinction between the labels." *Polycarpe v. E & S Landscaping Serv., Inc. (Polycarpe II)*, 821 F. Supp. 2d 1302, 1305 (S.D. Fla. 2011) (King, J.). While "goods" that move in interstate commerce are subject to the ultimate-consumer exception, and therefore do not trigger enterprise coverage if they are consumed by the employer, materials are not and may trigger enterprise coverage so long as they have moved in interstate commerce. *Valcin v. Am. Sec. Grp., A-1, Inc.*, No. 15-21331-CIV, 2015 WL 6692269, at *2 (S.D. Fla. Nov. 3, 2015) (Gayles, J.) (citations omitted).

In this case, the Defendants argue that the Plaintiff has failed to satisfy the first prong of the enterprise coverage analysis because the items she claims that she handled—toys, food, and cleaning supplies—are "goods" entitled to the ultimate consumer exception and, even assuming that those items are "materials," the Plaintiff only alleged that one employee handled them. The Plaintiff asserts that she "implied" that at least two employees were involved in interstate commerce, and that her general allegation about OCP's involvement in interstate commerce is sufficient to establish enterprise coverage.

Although the Court recognizes that an FLSA plaintiff "need not do much" to allege enterprise coverage, *Ceant*, 874 F. Supp. 2d at 1378, a plaintiff must provide the "factual underpinnings" which support his general allegations and legal conclusions, *Pardue v. Specialty Eng'g Consultants, Inc.*, 85 F. Supp. 3d 1347, 1349–50 (S.D. Fla. 2015) (Marra, J.). The Amended Complaint is devoid of any factual allegations showing the nature of OCP's work, how the alleged "materials" connected to that work, or how many employees besides the Plaintiff handled the materials. As a result, dismissal without prejudice is required. *See, e.g., See Steele v. Int'l Assoc. of Trauma & Addiction Counselors, Inc.*, No. 13–62077, Dkt. 58 at 3–4 (S.D. Fla. Jan. 1, 2016) (Scola, J.) (dismissing a FLSA complaint without prejudice because the plaintiff failed to "distinguish between goods and materials" and did not describe the nature of her employer's work); *Perez v. Muab, Inc.*, No. 10–62441–Civ, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (Cohn, J.) ("Plaintiff alleges only that 'during her employment with [defendant], she was engaged in commerce or in the production of goods for commerce.' This is a mere recitation of the statutory language.") (citation omitted).

In amending, the Plaintiff must set forth the exact nature of OCP's business, taking care to explain how OCP's business, and her work for the company, connect to interstate commerce. Aside from stating the nature of her work and the nature of OCP's business, she must provide only straightforward allegations connecting that work to interstate commerce. *Ceant*, 874 F. Supp. 2d at 1379. Additionally, if she wishes to rely on the "goods or materials" prong of enterprise coverage, she should provide facts sufficient for the Court to distinguish between goods and materials. *See Steele*, Dkt. 58 at 3–4. Finally, because Court is dismissing the FLSA claims, the Court will also dismiss the state law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

### 4. Conclusion

For the reasons explained herein, the Defendants' Amended Motion to Dismiss (ECF No. 30) is **granted**. The Amended Complaint is dismissed, with leave to amend. The Plaintiff shall have until **April 8, 2016** to file her Second Amended Complaint, consistent with this Order. The Plaintiff's pending motion for summary judgment (ECF No. 45) is **denied as moot**.

**Done and ordered**, Miami, Florida, on March 23, 2016.

Robert N. Scola, Jr.
United States District Judge